Southard J.
The action below was brought upon a bond given by the defendants, to indemnify the township from all costs, charges, &c. arising from the birth and maintenance of Henry, a bastard child of Mary January. The state of demand sets out the bond, the penalty of which was in the sum of five hundred dollars, . and charges that the township had been obliged to lay an<^ expend, for the birth and maintenance of the child, the sum of 39 dollars, 25 cents, which is claimed by the defendants. At the trial, the bond was presented, and the subscribing witnesses, who were inhabitants of the township of Westfield, were objected to by the defendant and overruled by the court. An offer wras then made to prove their hand-writing, which was also overruled. The justice then admitted proof of the hand-writing of the obligors, which being proved, the bond was read to the jury. Testimony was then given, that the child was chargeable; after which, an order of John Wilson, esqr. for the relief of the child ; a paper purporting to be a demand on Roll for the money expended, signed by the overseers; and three receipts given by different persons for money which they had paid; were severally admitted in evidence, after the hand-writings of the persons sub *569 scribing them were proved; and that a copy of the demand on Roll had been served on him. No other evidence of the expenditure of the money was given, *except that one person who had signed one of the receipts, had the care of the child.
The jury rendered a verdict for 34 dollars, 50 cents.
Several reasons have been filed and relied on, in argument for the reversal of this judgment. I will consider them in order.
1. The suit was brought upon a bond to indemnify the township, in the penal sum of 500 dollars, for which, if for any thing, the judgment must be entered ; and of this sum the justice had not jurisdiction.
This reason turns upon the question, whether upon a bond like this, the judgment must be necessarily entered for the penalty? Our statute, Pat. 255, sec. 5, 6, 7, and the construction put upon the statute 8 and 9 Wm. iii, of which ours is a copy, leave no doubt on this subject. The judgment can be entered in no other way. The judgment must stand as security for future breaches. This being so, the justice had no jurisdiction. He could not enter a judgment for this penalty. He erred in maintaining the suit.
2. The state of demand was insufficient. The state of demand merely alleges generally, that the township “ had been obliged to pay, lay out, and expend, for and toward the expenses of the birth and maintenance of the said child,” 39 dollars, 25 cents, &c. It ought to have shewn how and when the money had been expended. The items ought to have been set out, that the defendant might come prepared to combat them.
3. The bond was not so proved as to make it competent evidence. The error committed by the justice here, was in listening to the objections of the defendant himself, and rejecting the subscribing witnesses as incompetent. They ought to have been sworn; their interest as inhabitants of the township of Westfield, was not sufficient to exclude them. South. 186. But were this the only error of the justice, I should not listen to the objection from the mouth of the defendant.
4. The proof of the hand-writing to the receipts, was *570 not sufficient, proof of the expenditure of the money. is so. Something more was necessary. The plaintiff ought to have shewn that the expense was incurred, and then have proved the payment. The receipts would have been competent evidence against the persons signing them; but were not so against Roll, a third party.
I think there ought to be a reversal.
*Kirkpatrick C. J.
Upon the first question stated by my brother Southard, I agree with him, and think the judgment must be reversed.
The 41st section of the act constituting these courts for the trial of small causes, says, that when a bond for the payment of any sum of money above 60 dollars, (now 100) shall by payment or set-off be reduced to the sum of 60 dollars, or under, (now 100, or under) then the balance shall be considered as the real debt, and shall be recoverable before a justice, without regard to the penalty of such bond. In this particular case then, the act changes the whole course of the common law proceeding, in order to give the greater extent to this jurisdiction; but still it changes it in this case only, that is to say, where the bond is for the payment of money only.
For where such bond is conditioned for the performance of covenants, or for indemnifying and saving harmless against contingent damages, losses, or expenses, as is the case here; or for any other thing than the payment of money only, the case is not within the words of this section, and therefore remains as heretofore. The judgment is then entered for the whole penalty, and execution is taken from time to time for the particular damages found by the jury on succeeding breaches ; and necessarily so, as has been already stated, for it is contrary to the whole policy of the law to put the party to a new action for every succeeding breach of the covenant, or item of the damage, against which the bond was intended to secure him.
Judgment reversed.